UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 16-122-HRW

CHERI ANN SLOAN, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that this matter should be remanded for further proceedings.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on July 11, 2013, alleging disability beginning on May 29, 2013, arthritis, fibromyalgia, lumbar spine pain, panic attacks and high cholesterol (Tr. 314).

This application was denied initially and on reconsideration. Subsequently, an administrative hearing was conducted by Administrative Law Judge John M. Dowling (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.. At the hearing, Gina K. Baldwin, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 56 years old at the time she alleges disability. She completed two years of college and has worked as a teacher's aide (Tr. 315).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 16). The ALJ then determined, at Step 2, that Plaintiff suffers from left shoulder tendinopathy and bursitis, which he determined to be "severe" within the meaning of the pertinent regulations (Tr. 16). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20). The ALJ further found that Plaintiff could perform her past work as a teacher's aide (Tr. 22). Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff argues that the ALJ did not properly consider the opinion of her treating physician, Ben O'Dell, M.D.

When evaluating medical opinions, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the doctor treated the claimant, the

evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. 20 C.F.R. § 416.927©. Generally, a treating physician's opinion is entitled to more weight and an ALJ must give good reasons for discounting the opinion. 20 C.F.R. §§ 416.902, 416.927(c)(2); *See also, Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An examining physician's opinion, however, is not entitled to any special deference or consideration. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). An ALJ may discount a physician's opinion, treating or otherwise, if the physician does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 416.927( c).

In this case, the Court finds that the ALJ gave short shrift, so to speak, to Dr. O'Dell's opinion. From the ALJ's decision, it is unclear whether he considered the length of the treatment relationship between Dr. O'Dell and Ms. Sloan, over twenty years, or frequency of examinations performed by Dr. O'Dell. It is also unclear whether the ALJ considered the nature and extent of the treatment relationship between Dr. O'Dell and Ms. Sloan. The ALJ did not follow the regulation, 20 C.F.R. § 404.1527(a)(2), which provides that "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." The ALJ's decision ignores 20 C.F.R. § 404.1527(a)(2)(I) "When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a non-treating source."

As such, the Court finds the ALJ's decision is not supported by substantial evidence and should be remanded for further proceedings.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision to deny benefits to the Plaintiff is **REVERSED**, with this action **REMANDED** by separate Judgment entered concurrently herewith.

This 23rd day of January, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge